```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


AMERICAS INSURANCE COMPANY                      CIVIL ACTION

v.                                              NO. 15-3696

ROBERT MORENO, SR.,                             SECTION "F"
AN INDIVIDUAL DOING BUSINESS AS
ROBERT MORENO INSURANCE SERVICES
```

ORDER AND REASONS

Before the Court is the plaintiff, Americas Insurance Company's, motion to compel arbitration and request for stay. For the reasons that follow, the motion is GRANTED.

**Background**

This contract interpretation dispute hinges on the connection between an arbitration provision and a forum selection clause in the parties' Agency Agreement. Americas Insurance Company and Robert Moreno Insurance Services entered into a Managing General Agency Agreement whereby AIC appointed Moreno as its Managing General Agent to oversee its automobile insurance business in California. Generally, Moreno was in charge of handling AIC's insurance claims and supervising agents and brokers. The substantive dispute underlying the interpretive issue presented here is a disagreement as to whether the parties have upheld their obligations under the Agency Agreement. At present, the Court addresses only the threshold question of whether the parties are

1

bound to resolve the underlying dispute in arbitration.[1]

The Agreement between the parties contains a comprehensive arbitration clause. The thrust of the provision provides:

> Unless both parties mutually agree to waive arbitration with respect to a particular dispute, the parties to this Agreement hereby agree that binding arbitration shall be the sole remedy for any and all dispute(s) arising between them with reference to any transactions, terms, or conditions under this Agreement including its formation and validity.

The clause goes on to provide the details of the arbitration procedure. It also states that "arbitration proceedings shall take place in Louisiana."

The Agreement also contains a forum selection clause under the heading "MISCELLANEOUS". It provides in full:

> This Agreement has been made and entered into in the State of Louisiana. This Agreement shall be governed by Louisiana law, without regard to conflicts of law principles. All disputes that may arise under this Agreement, shall be submitted to the courts of such state or federal courts sitting in such state, which courts shall have jurisdiction and venue over matters arising under this Agreement.

Moreno contends that the forum selection clause contradicts the arbitration clause and creates an ambiguity as to the proper forum for dispute resolution. Moreno urges the Court to apply Louisiana contract principles to interpret the ambiguity against

---

[1] Moreno initially brought suit against AIC in the Central District of California. Without addressing the merits of the underlying dispute or the issues of arbitrability, that Court transferred the case here based on the forum selection clause.

the drafter, AIC. Moreno seeks to litigate the underlying contract dispute before the Court and avoid arbitration. AIC responds that the two provisions are complimentary. When read together, AIC explains that the two provisions require resolution of disputes by arbitration and entry of judgment on the arbitration award by a court in Louisiana.

I.

Federal courts have a favorable policy toward arbitration. The Federal Arbitration Act "reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010). The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." Id. (citations omitted). "Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconsionability.'" Id. at 68 (quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

To resolve a motion to compel arbitration, this Circuit implements a two-step inquiry. First, the Court must apply state law contract principles to determine whether the parties agreed to arbitrate. Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004); Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir. 2002). Second, "the Court must determine 'whether legal constraints external to the parties' agreement

foreclosed the arbitration of those claims.'" Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985); see Banc One, 367 F.3d at 429. "In conducting this two-step inquiry, courts must not consider the merits of the underlying action." Banc One, 367 F.3d at 429. Here, there is no contention that a federal statute or policy precludes arbitration. Thus, the Court narrows its focus to the first inquiry.

In determining whether the parties have agreed to arbitrate, the Court asks two questions: 1) whether a valid agreement to arbitrate between the parties exists; and 2) whether the dispute falls within the scope of the arbitration agreement. See Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008). In answering the first question, the Court does not apply the federal policy favoring arbitration. See id. In determining whether the dispute falls within the scope of the agreement, however, the Court resolves ambiguities in favor of arbitration. See id. Here, there is no serious assertion that the dispute falls outside the scope of the arbitration provision. Accordingly, the single issue presented before the Court is whether, under Louisiana law, the parties entered into a valid arbitration agreement.

## II.

The parties do not dispute that they entered into a valid Managing General Agency Agreement. Rather, Moreno attacks the validity of the specific arbitration provision contained in the

4

Agreement. He submits that the arbitration provision, which provides the "sole remedy" for "any and all dispute(s)," is invalid because it contradicts the forum selection clause, which instructs "[a]ll disputes...shall be submitted to the courts...."

The parties invoke two competing principles of Louisiana contract interpretation. Moreno points out that, "[i]n case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text" – in this case, AIC. La. Civ. Code art. 2056. In response, AIC correctly asserts that "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as whole." See La. Civ. Code art. 2045. The Court finds that any ambiguity between the provisions can be resolved by viewing each in the context of the contract as a whole.[2]

Although the forum selection clause is inartful, it is clear from the detailed and all-encompassing arbitration provision that the parties agreed to arbitrate their disputes. When considered in

---

[2] Notably, Judge Carter in the Central District of California also found that the two clauses did not conflict. He wrote:

> In its arguments about why the disputes between the parties are not subject to arbitration, Plaintiff [Moreno] states that the arbitration provision conflicts with the forum selection clause. The Court does not reach the question of whether RMIS is bound by the arbitration provision, but finds that the provisions do not conflict.

(citations omitted).

context, the otherwise overbroad language of the forum selection clause is limited by the arbitration agreement. When the forum selection clause references "[a]ll disputes," its meaning is logically constrained to "all disputes that are not subject to binding arbitration." In other words, any dispute within the scope of the arbitration agreement must be submitted to arbitration; anything outside the scope of the arbitration provision must be submitted to a court in the proper jurisdiction. The forum selection clause is necessary to establish a forum for disputes that fall into the latter category, such as this one. "Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include." La. Civ. Code art 2051. AIC adds that the forum selection clause is necessary to establish which court will have authority to enter judgment on the arbitration award and which court will have personal jurisdiction over the parties. This interpretation gives meaning to all of the provisions of the Agreement.

   Because the parties entered into a valid arbitration agreement, AIC's motion to compel arbitration is hereby GRANTED.

                              New Orleans, Louisiana, November 24, 2015

                                     _____
                                        MARTIN L. C. FELDMAN
                                     UNITED STATES DISTRICT JUDGE